688 N.W.2d 279 (2004)
471 Mich. 902
Barbara and Gerald CORNELIUS, Plaintiffs-Appellees,
v.
K.M. JOSEPH, M.D.; Blue Water Vascular Clinic, and St. John Health System, Defendants-Appellants.
Docket No. 123765. COA No. 237956
Supreme Court of Michigan.
October 7, 2004.
On order of the Court, leave to appeal having been granted and the Court having considered the briefs and oral arguments of the parties, the order of June 3, 2004 which granted leave to appeal is VACATED and leave to appeal is DENIED because the Court is no longer persuaded the questions presented should be reviewed by this Court.
MARKMAN, J. (dissenting).
This Court granted leave to appeal. Following oral argument, the majority has now concluded that leave was improvidently granted. I respectfully disagree. Instead, I would reverse the judgment of the Court of Appeals and reinstate the trial court's order granting summary disposition in favor of defendant.
Defendant began treating plaintiff with a series of injections known as sclerotherapy on October 28, 1996. The injections continued until March 13, 1997, when plaintiff suffered an adverse reaction to an injection. Plaintiff had a total of fourteen injections.
Plaintiff argues that defendant failed to obtain her informed consent for any of the injections because he never informed her of the risks associated with sclerotherapy. Defendant has proffered an informed consent form, purportedly signed by plaintiff on October 28, 1996, that describes the risks of the injections. Plaintiff's expert acknowledged that this form was sufficient to obtain informed consent, but plaintiff contends that she never signed this form.
Plaintiff's expert also testified that the applicable standard of care required defendant to obtain plaintiff's informed consent before the beginning of the series of treatments, but it did not require defendant to obtain plaintiff's informed consent before each subsequent injection.
Plaintiff filed her notice of intent to sue on October 14, 1998, which tolled the period of limitations for 182 days. Therefore, if plaintiff's claim accrued on October 28, 1996, as defendant contends, the period of limitations expired on April 27, 1999. Plaintiff, however, did not file this suit until August 31, 1999.
The trial court granted defendant's motion for summary disposition on the basis that plaintiff's suit was time-barred under the two-year statute of limitations for malpractice, MCL 600.5805(6), because the alleged malpractice  failure to obtain informed consent  occurred on October 28, 1996. The Court of Appeals reversed, concluding that the alleged failure to obtain informed consent before the initial treatment did not eliminate the need for obtaining the patient's informed consent before subsequent treatments, and, thus, the suit was timely, at least with regard to the March 13, 1997, injection.[1]
*280 I agree with the trial court that plaintiff's suit is time-barred by the two-year statute of limitations. MCL 600.5838a(1) provides:
For purposes of this act, a claim based on the medical malpractice of a person or entity who is or who holds himself or herself out to be a licensed health care professional ... accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.
In this case, the "omission that is the basis for the claim of medical malpractice" was defendant's failure to obtain plaintiff's informed consent on October 28, 1996. Therefore, plaintiff's claim accrued on October 28, 1996.
In order to establish a cause of action for medical malpractice, a plaintiff must establish, among other things, that the defendant breached the standard of care governing the defendant's conduct at the time of the purported negligence. Craig v. Oakwood Hosp., 471 Mich. 67, 86, 684 N.W.2d 296 (2004). Plaintiff has proffered evidence, by way of expert testimony, that defendant breached the standard of care on October 28, 1996, by failing to obtain plaintiff's informed consent before beginning the sclerotherapy treatment. However, plaintiff has not proffered any evidence whatsoever to indicate that defendant breached the standard of care on any other date. Therefore, plaintiff's claim accrued on October 28, 1996. Because plaintiff filed a notice of intent to sue on October 14, 1998, the period of limitations was tolled for 182 days. The statute of limitations period expired on April 27, 1999. Therefore, as the trial court concluded, plaintiff's claim that was filed on August 31, 1999, is time-barred.
Maintaining the decision of the Court of Appeals would, in the context of a series of medical treatments, replace a statute of limitations that accrues "at the time of the act or omission that is the basis for the claim of medical malpractice," i.e., before the initial treatment, with a statute of limitations that does not accrue until before the final treatment, possibly extending the period of limitations for many years. I simply cannot square such a result with the language of MCL 600.5838a(1).
CORRIGAN, C.J., concurs in the statement by MARKMAN, J.
NOTES
[1] Unpublished opinion per curiam, issued February 21, 2003 (Docket No. 237956), 2003 WL 462378.